

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00672-CR

**IN RE** Mauricio **BALDERAS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  October 1, 2014

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On September 24, 2014, relator Mauricio Balderas filed a pro se petition for writ of mandamus raising issues related to his underlying felony conviction. In November 2012, relator was convicted of indecency with a child with contact, a second degree felony, and sentenced to fifteen years' confinement. *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). On March 27, 2013, this court dismissed relator's direct appeal from the judgment of conviction in Cause No. 04-12-00793-CR, styled *Balderas v. State*, because the trial court's certification reflected that the defendant had no right of appeal given his written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d).[2] Therefore, relator's felony conviction became final.

---

[1] This proceeding arises out of Cause No. 2011CR0555, styled *The State of Texas v. Mauricio Balderas*, pending in the 290th Judicial District Court, Bexar County, Texas, the Honorable Melisa Skinner presiding.

[2] *See Balderas v. State*, No. 04-12-00793-CR, 2013 WL 1225872, at *1 (Tex. App.—San Antonio Mar. 27, 2013, no pet.).

Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding "Article 11.07 provides the exclusive means to challenge a final felony conviction."). Because the relief sought in relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus. Accordingly, relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH